IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No.5:07-CV-383-BO

| | |
|---|---|
| STEVEN W. WARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on Defendant's Motion to Dismiss, or in the alternative, Motion for Summary Judgment. For the following reasons, Defendant's Motion to Dismiss is GRANTED in part and Defendant's Motion for Summary Judgment is GRANTED in part.

## BACKGROUND

Plaintiff, pro se, suffers from multiple sclerosis and has difficulty walking. Plaintiff's medical records provide that, on July 22, 2004, Plaintiff suffered a broken hip after falling as he stood up from his bed and began to walk. Upon examination by a physician, x-rays were ordered and Plaintiff returned to his room. Later that day, Plaintiff suffered another fall while attempting to move from his bed to his wheelchair. Plaintiff was then examined by another physician, who ordered that Plaintiff be sent to local emergency room. At Durham Regional Hospital, doctors diagnosed Plaintiff as having a fractured hip and performed hip replacement surgery. Plaintiff's complaint appears to implicate the shoes Defendant issued to him as a contributing cause to his these falls, alleging that they were unable to be used properly by a person, like Plaintiff, who suffers from a disability.

On August 3, 2004, Plaintiff again suffered a fall as he attempted to get into his bed. The physician ordered x-rays, which revealed a right hip dislocation. As a result, Plaintiff returned to Durham Regional Hospital, where doctors performed a reduction and revision of the hemiarthroplasty. According to Plaintiff's complaint, this second fall resulted from a faulty wheelchair supplied to him by staff at the Federal Medical Facility. Upon his return to the Federal Medical Center, physicians instructed Plaintiff he must wear a hip spica brace at all times, but for when he bathed. Further, physicians instructed him to leave bed only with staff assistance. Plaintiff regularly disregarded these instructions.

On September 1, 2004, Plaintiff reported spasms while he lay in bed. X-rays revealed a dislocation of his right hip prosthesis. As a result, physicians returned Plaintiff to Durham Regional Hospital, where doctors performed a closed reduction on his right hip. Upon his return to the Federal Medical Center, physicians instructed Plaintiff not to put any weight onto his right leg. Plaintiff regularly disregarded this instruction.

On September 28, 2004, Plaintiff again suffered a fall and dislocated his hip. Physicians returned Plaintiff to Durham Regional Hospital, where doctors performed a total hip replacement on October 1, 2004.

Plaintiff filed an administrative tort claim with Bureau of Prisons on November 22, 2006. That claim sought damages based upon negligence of the staff at the Federal Medical Center. On April 9, 2007, Plaintiff's administrative tort claim was denied. On March 5, 2008, Plaintiff filed the instant complaint. On May 16, 2008, Defendants moved to dismiss Plaintiff's complaint, or in the alternative, for summary judgment.

## DISCUSSION

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*,

478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Though specificity is not required, a complaint must allege enough facts to state a claim to relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 125 S.Ct. 1955, 1965 (2007). If the factual allegations to not nudge the plaintiff's claims "across the line from conceivable to plausible," the "complaint must be dismissed." *Id.* at 1973.

In the alternative, a motion for summary judgment cannot be granted unless there are no genuine issues of material fact for trial. FED. R. CIV. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party must demonstrate the lack of a genuine issue of fact for trial, and if that burden is met, the party opposing the motion must "go beyond the pleadings" and come forward with evidence of a genuine factual dispute. *Celotex*, 477 U.S. at 324. The Court must view the facts and the inferences drawn from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). Conclusory allegations are not sufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.") (emphasis in original).

1. Federal Tort Claims Action: Medical Malpractice

In North Carolina, a plaintiff's malpractice complaint must assert that "the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness" as required by the North Carolina Rules of Civil Procedure for medical malpractice actions. *Frazier v. Angel Med. Ctr.* 308 F. Supp. 2d 671, 677 (W.D.N.C. 2004)(citing *Moore v. Pitt County Mem'l*

*Hosp.*, 139 F. Supp.2d 712, 713 (E.D.N.C. 2001); *Bass v. Durham County Hosp. Corp.*, 358 N.C. 144, 592 S.E.2d 687, 2004 WL 406330 (N.C. 2004)). Rule 9(j) of those rules provides that "any complaint alleging medical malpractice by a health care provider ... in failing to comply with the applicable standard of care ... shall be dismissed unless: (1) The pleading specifically asserts that the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care;...or (3) The pleading alleges facts establishing negligence under the existing common-law doctrine of res ipsa loquitur." N.C. Gen. Stat. § 1A-1, Rule 9. Thus, "failure to include such a certification in the complaint will result in dismissal unless the complaint states a cause of action for negligence pursuant to the doctrine of res ipsa loquitur." *Frazier,* 308 F. Supp. 2d at 677.

In the instant case, Plaintiff has failed to provide certification as required by Rule 9(j). Further, the doctrine of res ipsa loquitur clearly does not apply. "In medical malpractice actions, res ipsa loquitur applies if the injurious result rarely occurs standing alone and is not an inherent risk of the operation. The doctrine is reserved, however, for those situations in which a physician's conduct is so grossly negligent or treatment is of such nature that the common knowledge of laypersons is sufficient to find [the essential elements]... When treatment results in an injury to an area implicated in the surgical field, however, common knowledge does not support an inference of negligence in North Carolina. Res ipsa loquitur rarely is appropriate in medical malpractice actions. Courts have demonstrated an awareness that the majority of medical treatment involves inherent risks which even adherence to the appropriate standard of care cannot eliminate." *Id.* at 677 (citing *Wright v. United States*, 280 F. Supp. 2d 472, 481 (M.D.N.C. 2003)(internal quotations omitted). Here, nothing in the record supports a finding by this Court

of res ipsa loquitur relating to Plaintiff's injuries.

Accordingly, to the extent that Plaintiff's claims under the Federal Tort Claims Act allege medical malpractice, this Court GRANTS Defendant's Motions to Dismiss.

2. Federal Tort Claims Action: Negligence

To sustain a claim of actionable negligence in North Carolina, "plaintiff must prove (1) defendant owed a duty to plaintiff, (2) defendant failed to exercise proper care in the performance of that duty, and (3) the breach of that duty was the proximate cause of plaintiff's injury, which a person of ordinary prudence should have foreseen as probable under the conditions as they existed." *Escobar v. United States*, 1997 U.S. App. LEXIS 5198 (4th Cir. 1997)(quoting *Westbrook v. Cobb*, 105 N.C. App. 64, 411 S.E.2d 651, 653 (N.C. 1992)). The absence of any one element will defeat a negligence action. *Westbrook*, 411 S.E.2d at 653.

In the instant case, Defendant owed a duty of reasonable care to protect Plaintiff from reasonably foreseeable harm. Plaintiff, pro se, alleges Defendant breached its duty by issuing him a wheelchair and shoes that were defective and inadequate. Further, Plaintiff alleges that Defendant's breach was the proximate cause of the injuries he suffered as a result of his fall and that his repeated complaints to nurses regarding the defective wheelchair made such injuries foreseeable. Accordingly, Plaintiff has made a prima facie case for negligence.

In the alternative, however, Plaintiff has failed to go beyond the pleadings and offer any evidence so as to support his claims of negligence relating to the shoes or wheelchair issued to him by Defendant. *Celotex,* 477 U.S. at 324. While the Court must view the evidence presented by Plaintiff in the most favorable light, conclusory allegations of defectiveness or inadequacy are not sufficient to defeat a motion for summary judgment. *Matsushita*, 475 U.S. at 587-88. Furthermore, Defendant has produced evidence providing a time period between which Plaintiff

could have, but did not, inform staff of any defect relating to the shoes and produced an affidavit describing in detail Defendant's medical records, which provide no mention of any statements made by Plaintiff attributing his injuries to a defective pair of shoes or wheelchair. In light of such a showing by Defendant, Plaintiff must provide some evidence beyond allegation, which raises a genuine issue of material fact. In this regard, as it relates to the defectiveness of the shoes or the wheelchair, Plaintiff has failed to do so.

With respect to the subsequent dislocations and injures arising following the August 3, 2004 fall, Plaintiff's contributory negligence bars his negligence claims as they relate to those injuries. In North Carolina, a plaintiff's right to recover in a personal injury action is barred upon a finding of contributory negligence. *Coba v. Raba*, 347 N.C. 541, 545 (N.C. 1998). "It is not necessary that a plaintiff be actually aware of the unreasonable danger of injury to which his conduct exposes him. Plaintiff may be contributorily negligent if his conduct ignores unreasonable risks or dangers which would have been apparent to a prudent person exercising ordinary care for his own safety." *Id.* at 545-46 (quoting *Smith v. Fiber Contros Corp.*, 300 N.C. 668, 673 (1980)). In the instant case, Plaintiff's refusal to follow the instructions of his physicians constitutes contributory negligence, which proximately caused the injuries he suffered as a result of his falls.

## CONCLUSION

Accordingly, to the extent that Plaintiff's Federal Tort Claims Act claims allege medical malpractice, the Court GRANTS Defendant's Motion to Dismiss; to extent that Plaintiff's Federal Tort Claims Act claims allege negligence, the Court GRANTS Defendant's Motion for Summary Judgment.

SO ORDERED.

This ___21___ day of October, 2008.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE